DAVID A. BOONE - State Bar No. 74165
SUSAN D. SILVEIRA - State Bar No. 169630
THE LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone (408) 291-6000
Facsimile (408) 291-6016

ATTORNEYS FOR DEBTORS
Danilo C. Baculi & Zenaida Baculi

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 03-57427 ASW |
| DANILO C. BACULI | |
| ZENAIDA BACULI | CHAPTER 13 |
| Debtors. | ADV. No. 04-5138 |
| DANILO C. BACULI | |
| ZENAIDA BACULI | JURY DEMANDED |
| Plaintiffs, | |
| v. | |
| CALIFORNIA AUTO WORKS, and and SPECIALTY TOWING, aka SPECIALTY AUTO WORKS & TOWING INC., and RITTER LIEN SALES SOUTH, INC, and LUIS GOMEZ, aka LUIS CRUZ and LEE ROSAS aka LEANDRO ROSAS and CALIFORNIA AUTO BODY fdba ROSAS AUTO BODY & TOWING and STRIKER AUTO BODY& PAINT Does Number One through Ten | |
| Defendants. | |

**SECOND AMENDED
COMPLAINT SEEKING TO ENJOIN SALE, FOR VIOLATION OF THE AUTOMATIC STAY, FOR TURNOVER OF PROPERTY OF THE ESTATE AND FOR DECLARATORY RELIEF, SANCTIONS, ATTORNEY'S FEES AND OTHER CAUSES OF ACTION**

1

1         DANILO C. BACULI & ZENAIDA BACULI, Plaintiffs herein, complaining of the
2 defendants, allege:

## JURISDICTION AND VENUE

4     1.     This Court has exclusive jurisdiction of this adversary proceeding pursuant to 28
5 U.S.C. §157.

6     2.     Pursuant to Bankruptcy Rule 7008(a), Plaintiffs state that this is a "core
7 proceeding" within the meaning of 28 U.S.C. §157(b).

## GENERAL ALLEGATIONS TO ALL CAUSES OF ACTION

9     3.     Plaintiffs filed a Chapter 13 petition on November 17, 2003 in the United States
10 Bankruptcy Court for the Northern District of California, instituting case no. 03-57427 ASW.

11     4.     Plaintiffs are the owners of a 1995 Mazda MPV van, VIN Number
12 JM3LV5221S0712523, California License Plate Number 3NTK251, hereinafter referred to as the
13 "Subject Property". The subject property is Plaintiffs' primary family vehicle. Plaintiffs are the
14 lien holders of the title and are entitled to retain their vehicle in the Chapter 13 Proceedings.

15     5.     Defendant, California Auto Works and/or California Auto Body is a car repair
16 shop doing business or formerly doing business in Redwood City, California, hereinafter simply
17 referred to as "California Auto".

18     6.     Defendant, Specialty Auto Works &Towing, Inc. also known as Specialty Towing,
19 Inc. is a corporation organized and existing under the laws of the State of California located at 830
20 Kaynyne Street, Redwood City, California, and at 1612 El Camino Real, Redwood City,
21 California hereinafter simply referred to as "Specialty".

22     7.     Defendant, Ritter Lien Sales South, Inc., is a California corporation organized and
23 existing under the laws of the state of California, hereinafter simply referred to as "Ritter".

24     8.     Defendant, Luis Gomez and/or Luis Cruz, is the owner/mechanic of California
25 Auto Works or California Auto Body, formerly doing business in Redwood City, California,
26 hereinafter simply referred to as "Cruz".

27     9.     Defendant, Striker Auto Body and Paint is an auto body and repair shop doing

2

business in Redwood City, California, hereinafter simply referred to as "Striker".

10. Defendant, Rosas Auto Body and Towing was the predecessor to California Auto Body also known as California Auto Works formerly doing business in Redwood City, California, hereinafter simply referred to as "Rosas Auto".

11. Defendant, Lee Rosas, is the owner/manager of Rosas Auto Body and Towing, Specialty Towing, Inc and Striker Auto Body and Paint, hereinafter simply referred to as "Rosas".

12. On or about October, 2003, Debtor brought his 1995 Mazda to California Auto. The car had broken down nearby and California Auto was the closest car repair shop.

13. Debtor spoke with mechanic, Cruz about the needed repairs. At that time, Cruz told the Debtor that it looked like a problem with the timing belt. Cruz did not provide a written estimate or any paperwork as to the authorization for the repair work. There was no other discernible damage or problem with the subject property at that time.

14. A few days later, Debtor spoke with Cruz about the repair work and was told that $250.00 was owed for the repairs performed. Debtor informed Cruz that he did not have the funds. Cruz indicated that the subject property would be held until Debtors could make the $250.00 payment. Cruz went on to state that he thought that further engine work was needed. Debtor felt skeptical about the need for further engine work but authorized a compression check to determine what type of engine work was needed.

15. Some time later, Debtor was contacted by Cruz and told that his engine needed more work. Debtor asked him why and Cruz said he had taken it apart and found some problems and it would cost a total of $1,300.00 for the repairs. Debtor was surprised because he thought Cruz was only going to do a compression check. Debtor told him that the engine was fine and that Cruz was not authorized to do the engine work. Cruz told the Debtor he could come and pay him $500.00 and take the van as is, in it's disassembled state. At that point, the Debtor felt he had no choice but to agree to the engine repairs. Then Cruz told the Debtor to deposit the $500.00 before he would proceed with putting the engine back together.

16. Debtor came to the shop and paid the $500.00 as evidenced by receipt in **Exhibit A**

3

which is attached and incorporated herein by reference.

17. After a few days, Cruz called the Debtor and said the work was done. California Auto again stated they would keep the vehicle until payment was made in full, despite the Debtor's protests that he did not authorize the engine repair work other than the fixing of the timing belt and a compression check.

18. Plaintiffs could not afford to pay the repair bill and soon after filed their petition for Bankruptcy relief.

19. California Auto is listed as an unsecured creditor in Plaintiff's Bankruptcy Petition but refused to return the subject property to the Plaintiffs.

20. On November 20, 2003, Counsel for Plaintiffs contacted California Auto, and spoke to a representative, to request the return of the subject property. California Auto refused to accept the automatic stay, and refused to return the subject property.

21. Debtors had to arrange for alternate transportation. Debtor's brother, Emil Baculi, lent him his vehicle on the condition that the Debtor was responsible for payment of all repairs and expenses associated with the use of this vehicle.

22. Counsel for Plaintiffs contacted California Auto again and requested that they turn over the subject property, offering to pay the repair bill in full through Plaintiffs' Chapter 13 plan if the subject property were returned immediately. California Auto again refused.

23. On January 17, 2004, California Auto placed the subject property with Specialty.

24. Specialty now claims they are owed $2700.00 in storage fees.

25 Plaintiffs are informed and believe that the subject property has a value of at least $2,000.00, and perhaps more, based upon the private party value of the vehicle.

26. Plaintiffs have current insurance coverage for the subject vehicle.

27. On or about March 19, 2004, Ritter, at the request of Specialty and Rosas, and, acting as their agent, prepared and sent a Notice of Pending Lien Sale regarding the subject property. This notice is attached as **Exhibit A** and incorporated herein by reference.

28. Ritter, acting in their capacity as agent for Specialty and Rosas, scheduled the lien

4

1 sale of the subject property, in wilful violation of the automatic stay or failed to use ordinary care to determine that the Plaintiffs had a bankruptcy proceeding.

29. On or about April 16, 2004, Plaintiffs' counsel became aware of the lien sale and contacted Ritter to halt the pending lien sale.

30. Even after being notified of the Plaintiffs' bankruptcy and the existence of the automatic stay, the representatives from Ritter were most uncooperative and did not disclose any information as to the whereabouts of the subject property, nor did they take any steps to cancel the pending lien sale or notify Specialty or Rosas of the need to cancel the lien sale due to the automatic stay.

31. Later on April 16, 2004, Plaintiffs filed for a temporary restraining order to halt the lien sale. Plaintiffs' counsel was contacted by the judge's clerk to appear for a telephonic hearing later that afternoon and to arrange for the appearance of the Defendants.

32. Plaintiffs' counsel renewed their efforts to contact Ritter and secure their appearance for the hearing. Ritter's representative then disclosed that the subject property was in the possession of Specialty and they would not be appearing at the hearing. Contact was then made with Rosas who appeared for himself and Specialty at the hearing that afternoon.

33. The lien sale of the subject property that Ritter had arranged as the agent for Specialty and Rosas was stopped by court order issued on April 16, 2004. The Court also ordered Specialty and Rosas to return the subject property to the Plaintiffs if they provided proof of current insurance for the subject property.

34. On April 20, 2004, the Debtor went to Specialty at 830 Kaynyne Street, Redwood City, California to retrieve the subject property.

35. The Debtor met with a person who appeared to be Rosas. Debtor presented Rosas proof of current insurance and asked for the return of the subject property.

36. Rosas told the Debtors that the subject property was at a different lot and he would not return the subject property to the Debtors.

37. Later that day, Debtor's attorney contacted Specialty to advise that the subject

5

1 property should be returned to the Debtors per the order of Judge Weissbrodt. A copy of this correspondence is attached as **Exhibit C** and incorporated herein by reference. Specialty and Rosas still refused to return the subject property.

38. Plaintiffs brought a motion for an order requiring Specialty and Rosas to return the subject property to them. This order was granted on May 4, 2004.

39. On May 10, 2004 a copy of the Order for Turnover of Property of Bankruptcy Estate was sent by facsimile transmission by Plaintiffs' Counsel to Specialty and Rosas. A copy of the cover letter is attached as **Exhibit D** and incorporated herein by reference.

40. On May 10, 2004, Plaintiffs' Counsel received a letter by facsimile transmission from Striker indicating that the Debtors could pick up the subject property provided they arranged for towing or brought a key. A copy of this correspondence is attached as **Exhibit E** and incorporated herein by reference. This communication led the Debtors to believe that the subject property could be driven.

41. On May 11, 2004, Debtors went to Striker and Specialty to retrieve the subject property. However, Debtors found the subject property in such a state of disrepair that it could not be driven. The battery, frame, headlights, signal lights, hub caps, air bag, car stereo, glove compartment, radiator grill and front panel trim were missing or severely damaged. There were numerous wires hanging out suggesting electrical damage as well. Rosas offered no explanation as to how the subject property was damaged.

42. A few days later, not knowing what else to do, Debtors paid approximately $200.00 to Specialty to tow the subject property to their home. The receipt for this expense is attached as **Exhibit F** and incorporated herein by reference.

43. Debtors have incurred expenses for having to do without their vehicle and using a relative's vehicle in the amount of $919.00 which was the costs of needed repairs as evidenced by receipts attached as **Exhibit G** and incorporated herein by reference. Debtors have received an estimate for repairs to the subject property which will cost $4,300.00, said estimate is attached as **Exhibit H** and incorporated herein by reference. Debtors have incurred legal fees to date in this

matter in the amount of $8,692.50 as evidenced by their itemized bill attached as **Exhibit I** and incorporated herein by reference.

44. Defendants, Rosas Auto, California Auto, Specialty and Striker are not currently registered with the California Department of Automotive Repair.

45. After the Plaintiffs recovered the subject property, they found invoices for other repair work and for auto parts that Plaintiffs contend connect "Cruz" with Rosas Auto Body & Towing and Specialty Auto Works and Towing. These invoices are attached as **Exhibit J** and incorporated herein by reference.

### FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF)

46. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 45 hereinabove as though fully set forth herein.

47. An actual controversy exists between the parties concerning their respective rights and duties because Plaintiffs contend that Defendants' lien against the subject property is invalid based on unauthorized repairs and that the subject property should have been immediately returned to the Plaintiffs.

48. An actual controversy exists between the parties as to payment for the repair of the subject vehicle. Debtor contends that Rosas of Specialty was involved with the business of Rosas Auto and then California Auto. Plaintiffs further contend that Cruz was an agent for Rosas Auto, California Auto and Specialty. The subject property was taken to California Auto for repairs which were supposed to cost $250.00. The mechanic/agent for California Auto, Cruz, disassembled the subject property without proper authorization from the Plaintiffs. Defendants, Cruz, Rosas, California Auto and Specialty refused to return the vehicle, causing it to be damaged. Ritter, acting as the agent for Rosas and Specialty to schedule the lien sale of the subject property failed to verify that Plaintiffs had a bankruptcy case pending and that the lien sale of the subject property could not occur due to the automatic stay. Additionally, Ritter, upon receiving notice of Plaintiffs' bankruptcy, refused to disclose any information as to the whereabouts of the subject property until informed that they were required to appear at the restraining order set by the court,

7

and failed to take any affirmative steps to halt the pending lien sale of the subject property. Debtors seek compensation for these damages from Defendants.

49. Plaintiffs paid $500.00 to California for unauthorized and improper repairs and are entitled to a refund of that amount from California.

50. Plaintiffs are entitled to a determination that Specialty is owed nothing for storage fees as the subject property was improperly held and stored in violation of the automatic stay and Specialty had full knowledge of said stay based on communications between Plaintiffs' counsel and California Auto fdba Rosas Auto and its agent, Cruz.

51. Plaintiffs are informed and believe and thereon allege, that each of the Defendants named herein is the proximate cause, intentionally, negligently, statutorily, maliciously, recklessly, or through a conspiracy, of the damages hereinafter alleged.

52. Defendants, and each of them, acted in the scope of their authority as agents and employees of the other Defendants and with the permission and consent of their co-defendants.

53. Plaintiffs pray for an award of damages for all amounts stated herein and for other amounts to be determined according to proof, including attorney's fees pursuant to 11 U.S.C.§ 105 and the court's inherent equitable powers.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

## SECOND CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

54. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 53 hereinabove as though fully set forth herein.

55. Plaintiffs seek a permanent injunction preventing the repossession and/or sale of the subject property and enjoining any actions on the part of Specialty to collect improper storage fees.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

## THIRD CAUSE OF ACTION
### (VIOLATION OF 11 U.S.C. §362(a))

56. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 55 hereinabove as though fully set forth herein.

57. Defendants acted in concert to violate the stay imposed by the bankruptcy filing on November 17, 2003. Defendants ignored all notices and warnings with regard to the automatic stay and would have proceeded with the lien sale scheduled for April 19, 2004 at 10 am with knowing and wilful disregard of the prohibitions set forth in 11 U.S.C. §362(a), but for the Bankruptcy Court's Order enjoining said sale.

58. On April 16, 2004, Judge Arthur S. Weissbrodt issued an oral order from the bench requiring Defendants, Specialty and Rosas, to return the subject property to the Plaintiffs upon a showing of proof of insurance for the subject property. On April 20, 2004, Plaintiffs presented proof of insurance and Specialty and Rosas still refused to return the subject property to the Plaintiffs in violation of the automatic stay.

59. Plaintiffs seek payment of damages, general, special and punitive, pursuant to the 11 U.S.C. §105 and the court's inherent equitable powers, including their attorney's fees in the amount of $8,692.50, plus additional fees and cost incurred according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF COURT ORDER)

60. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 59 hereinabove as though fully set forth herein.

61. Defendants had wrongful possession of the subject property which rightfully belonged to the bankruptcy estate.

62. On April 16, 2004, Specialty and Rosas were ordered by Judge Arthur S. Weissbrodt to return the subject property to the Debtors upon showing proof of insurance.

63. Specialty and Rosas should be held in contempt pursuant to 18 U.S.C. §401 and

9

sanctioned for failing to turn over the subject property pursuant to 11 U.S.C. §542 in wilful violation of Judge Weissbrodt's Order in the amount of $5,000.00 pursuant to 1 U.S.C.§105 and for general and special damages including attorneys fees in the amount of $8692.50 and for additional fees and costs incurred according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

## SIXTH CAUSE OF ACTION
### (VIOLATIONS OF THE AUTOMOTIVE REPAIR ACT)
### [California Business and Professions Code §9880-9889]

64. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 63 hereinabove as though fully set forth herein.

65. Defendants, Rosas Auto, Specialty Towing, California Auto and Striker are not currently registered and/or were not registered at all relevant times stated herein with the California Bureau of Automotive Repair in violation of California Business and Professions Code §9884.6(a) which states:

> It is unlawful for any person to be an automotive repair dealer unless that person has registered in accordance with this chapter and unless that registration is currently valid.

66. Defendants are not entitled to recovery for any lien they may assert for repairs because they were not properly registered pursuant to California Business and Professions Code §9884.16 which provides:

> No person required to have a valid registration under the provisions of this chapter shall have the benefit of any lien for labor or materials or the right to sue on a contract for motor vehicle repairs done by him unless he has such a valid registration.

67. Defendants, California Auto, Cruz, Rosas Auto, Specialty, Striker, and Rosas failed to have the Plaintiff sign a written estimate and work order with the repairs to be performed and the odometer reading. Defendants also engaged in fraudulent and grossly negligent acts by disassembling the engine of the subject property without the Plaintiffs' authorization and then inducing Plaintiffs to allow the questionable engine work so as to have the engine of the subject property put back together, requiring them to make a deposit of $500.00 without proper

10

authorization. These acts were in violation of California Business and Professions Code §9884.7(a)(2) which states:

> The director, where the automotive repair dealer cannot show there was a bona fide error, may refuse to validate, or may invalidate temporarily or permanently, the registration of an automotive repair dealer for any of the following acts or omissions related to the conduct of the business of the automotive repair dealer or any automotive technician, employee, partner, officer, or member of the automotive repair dealer.
> (1) Making or authorizing in any manner or by any means whatever any statement written or oral which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.
> (2) Causing or allowing a customer to sign any work order which does not state the repairs requested by the customer or the automobile's odometer reading at the time of repair.
> (3) Failing or refusing to give to a customer a copy of any document requiring his or her signature, as soon as the customer signs the document.
> (4) Any other conduct which constitutes fraud.
> (5) Conduct constituting gross negligence.
> (6) Failure in any material respect to comply with the provisions of this chapter or regulations adopted pursuant to it.
> (7) Any willful departure from or disregard of accepted trade standards for good and workmanlike repair in any material respect, which is prejudicial to another without consent of the owner or his or her duly authorized representative.
> (8) Making false promises of a character likely to influence, persuade, or induce a customer to authorize the repair, service, or maintenance of automobiles.

68. Defendants failed to obtain proper authorization from the Plaintiffs before proceeding with the repair work on the subject property and are not entitled to any payment from the Plaintiffs with respect to those repairs pursuant to California Business and Professions Code §9884.9(a) which states:

> The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job. No work shall be done and no charges shall accrue before authorization to proceed is obtained from the customer. No charge shall be made for work done or parts supplied in excess of the estimated price without oral or written consent of the customer that shall be obtained at some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied. Written consent or authorization for an increase in the original estimated price may be provided by electronic mail or facsimile transmission from the customer. The bureau may specify in regulation the procedures to be followed by an automotive repair dealer when an authorization or consent for an increase in the original estimated price is provided by electronic mail or facsimile transmission. If that consent is oral, the dealer shall make a notation on

11

the work order of the date, time, name of person authorizing the additional repairs and telephone number called, if any, together with a specification of the additional parts and labor and the total additional cost, and shall do either of the following:
    (1) Make a notation on the invoice of the same facts set forth in the notation on the work order.
    (2) Upon completion of repairs, obtain the customer's signature or initials to an acknowledgment of notice and consent, if there is an oral consent of the customer to additional repairs, in the following language:

"I acknowledge notice and oral approval of an increase in the original estimated price. _____
(signature or initials)"

69. Plaintiffs are entitled to a payment of a fine of $1,000.00 for each violation of California Automotive Repair Act pursuant to California Business and Professions Code §9889.20 which provides:

Except as otherwise provided in Sections 9889.21 and 9889.48, any person who fails to comply in any respect with the provisions of this chapter is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment not exceeding six months, or by both such fine and imprisonment.

70. In the alternative, Plaintiffs seek special, general and punitive damages, including attorney's fees in the amount of $8692.50 plus additional fees and costs incurred according to proof, based on a finding that the Defendants, California Auto, Cruz, Rosas Auto, Specialty, Striker, and Rosas, violated the California Automotive Repair Act as alleged herein and such violations constitute a basis for an award of damages as stated herein and according to proof, pursuant to 11 U.S.C.§105 and the court's inherent equitable powers.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth below.

**SEVENTH CAUSE OF ACTION**
**(VIOLATIONS OF THE UNFAIR PRACTICES ACT)**
**[California Business and Professions Code §17200]**

71. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 70 hereinabove as though fully set forth herein.

72. Plaintiffs allege that the violations of the California Automotive Repair Act as previously cited in Plaintiffs' complaint herein also constitute unlawful, unfair and fraudulent

12

business acts and practices as prohibited by California Business and Professions Code §17200 also known as the California Unfair Practices Act which states:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

73. Plaintiffs seek special, general and punitive damages, for amounts previously stated, including attorney's fees in the amount of $8692.50 plus additional fees and costs incurred according to proof, based on a finding that the Defendants, California Auto, Cruz, Rosas Auto, Specialty, Striker, and Rosas, violated the California Automotive Repair Act as alleged herein and such violations constitute a basis for an award of damages pursuant to 11 U.S.C.§105 and the court's inherent equitable powers.

## EIGHTH CAUSE OF ACTION
### (NEGLIGENCE)

74. Plaintiffs incorporate and reallege each and every one of the allegations from paragraphs 1 through 73 hereinabove as though fully set forth herein.

75. Defendants owed a duty to Plaintiffs to act with reasonable care in conducting themselves in accordance with the laws of the United States of America, including, inter alia, the United States Bankruptcy Laws as codified in Title 11 and Title 18 of the United States Code and other Federal and State laws as stated herein.

76. While doing the acts alleged herein, Defendants failed to exercise reasonable care. Defendants failed to comply with the legal duty imposed upon them, and each of them by applicable Federal and California laws as stated herein.

77. As a proximate result of the negligence of Defendants, Plaintiffs have incurred monetary and other damage, including the diminution of value of the subject property. Additionally, Plaintiffs have been forced to expend a great deal of time and money in an attempt to enforce and protect their rights.

78. As a proximate result of the negligence of Defendants, Plaintiffs have suffered damages in amounts stated herein, and further damages in an amount to be determined according to

13

proof.

79. Plaintiffs seek special, general and punitive damages, for amounts previously stated, including attorney's fees in the amount of $8692.50 plus additional fees and costs incurred according to proof, based on a finding that the Defendants, California Auto, Cruz, Rosas Auto, Specialty, Striker, and Rosas, violated the California Automotive Repair Act as alleged herein and such violations constitute a basis for an award of damages pursuant to 11 U.S.C.§105 and the court's inherent equitable powers.

WHEREFORE, Plaintiffs pray for judgment against defendants as hereinafter set forth below;

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(1) Pursuant to rule 65 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7065, for a preliminary and permanent injunction enjoining the Defendant, their attorneys, agents, employees and successors from repossession of the subject property pursuant to any asserted mechanic's lien or alleged amounts owed for storage fees;

(2) To void any amounts claimed by Defendants for improper repairs and storage fees as the vehicle was held by Defendants in violation of the automatic stay and because Defendants committed violations of California Business and Professions Code as stated herein;

(3) For sanctions in the amount of $5,000.00 for failing to turn over the subject property to the Plaintiffs in violation of the Court's Order;

(4) For reimbursement of expenses in the amount of $919.00 for the use of replacement transportation;

(5) For reimbursement for $200.00 in towing charges necessitated by the damages to the subject property due to the improper repairs and grossly negligent acts of Defendants';

(6) For a refund of the $500.00 received by Defendant, California Auto, for improper payment towards unauthorized and improper repairs;

(7) For an award of damages of $4,300.00 to repair the subject property as its state of disrepair is due to Defendant's grossly negligent conduct in conducting faulty repairs and subjecting the subject property to increased damages due to Defendant's failure to return the subject property to the Plaintiffs in violation of the automatic stay;

(8) For sanctions for violation of the automatic bankruptcy stay;

| | | | |
|---|---|---|---|
| 1 | | (9) | For attorneys fees and costs in the amount of $8,692.50. |
| 2 | | (10) | For additional attorneys' fees and costs according to proof; |
| 3 | | (11) | For penalties pursuant to California Business and Professions Code §9884.20 and §17206. |
| 4 | | (12) | Other such relief the court deems just and proper. |

DATED: March 1, 2005                          LAW OFFICES OF DAVID A. BOONE


By:/s/ Susan D. Silveira
ATTORNEYS FOR PLAINTIFFS